UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY V., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, <br> Commissioner of Social Security, <br><br> Defendant. | CASE NO. C19-5068-MAT <br><br> ORDER RE: SOCIAL SECURITY <br> DISABILITY APPEAL |

Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is REVERSED and REMANDED for further administrative proceedings.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1969.[1] She has a GED, and has worked as a caregiver and

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE - 1

caregiver house manager. (AR 186, 197.)

Plaintiff applied for DIB in September 2015. (AR 175-76.) That application was denied and Plaintiff timely requested a hearing. (AR 121-28.)

On September 19, 2017, ALJ Richard Gieb held a hearing in Portland, Oregon, taking testimony from Plaintiff and a vocational expert (VE). (AR 53-93.) On May 4, 2016, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-24.) Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review on November 20, 2018 (AR 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not engaged in substantial gainful activity between her alleged onset date and her date last insured (DLI). (AR 17.) At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found that Plaintiff's lumbago (back pain) was severe through the DLI. (AR 17-18.) Step three asks whether a claimant's impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did not meet or equal the criteria of a listed impairment through the DLI. (AR 18-19.)

If a claimant's impairments do not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and determine at step four whether the claimant has

demonstrated an inability to perform past relevant work. The ALJ found that through the DLI, Plaintiff was capable of performing medium work, except that she could perform all postural activities on a frequent basis and had to avoid concentrated exposure to work hazards, such as machinery or heights. (AR 19.) With that assessment, the ALJ found that through the DLI, Plaintiff was able to perform past relevant work as a home health aide and certified nursing assistant. (AR 35.)

If a claimant demonstrates an inability to perform past relevant work, the burden shifts to the Commissioner to demonstrate at step five that the claimant retains the capacity to make an adjustment to work that exists in significant levels in the national economy. The ALJ entered alternative step-five findings, indicating that through the DLI, Plaintiff could have performed other representative occupations, such as dietary aide, prep cook, and lab assistant. (AR 22-23.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in *inter alia* failing to fully develop the record. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

///

### Duty to develop the record

At the hearing, the ALJ discussed with Plaintiff's counsel that the record did not include Plaintiff's worker's compensation claims file. (AR 61.) Counsel indicated that he had not realized that the file was missing. (*Id*.) At the conclusion of the hearing, the ALJ returned to the issue, commenting that "there's a lot of missing evidence." (AR 91.) The ALJ noted that it is the claimant's duty to submit evidence, and that because Plaintiff did not submit it, even though the ALJ "wish[ed] it had been submitted," he would not keep the record open to allow Plaintiff to submit it, as counsel offered to do. (AR 91-92.)

The ALJ's written decision refers to the missing evidence on several occasions. First, the ALJ noted that without the worker's compensation file, "there is very little medical evidence available that relates to the relevant period in this case," . . . "which makes it very difficult to determine that the claimant's alleged symptoms and limitations are in fact disabling." (AR 20.) As the ALJ continued to summarize the medical record, he noted that Plaintiff underwent an independent medical examination (IME) in connection with the worker's compensation claim, and because "the claimant elected not to submit this IME into evidence, . . . the undersigned does not have the benefit of reviewing it independently." (AR 20.) The ALJ assumed that the IME "likely" was "relatively unremarkable" based on other evidence in the record that referred to the IME. (*Id*.)

Taken together with the ALJ's comments at the administrative hearing, the ALJ's decision indicates that without Plaintiff's worker's compensation file, the record is inadequate. The ALJ expressed both orally and in writing that evidence was missing and that the lack of evidence impacted the ALJ's ability to adjudicate Plaintiff's claim. Thus, the ALJ breached his duty to fully and fairly develop the record by refusing to permit Plaintiff's counsel to submit the worker's

compensation file. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (holding that "[a]n ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence").

Although, as noted by the Commissioner, Plaintiff could have submitted the worker's compensation records along with a request for a sentence-six remand (Dkt. 13 at 11-12), sentence six is not the only avenue for relief. Under the circumstances here, where Plaintiff's counsel did not apparently realize the records were missing until the hearing and offered to obtain the records within two weeks of the hearing, the ALJ erred in failing to further develop the record. *See Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983) ("In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered."). Accordingly, the case must be remanded to allow the record to be supplemented with Plaintiff's worker's compensation file, and for the ALJ to reconsider the decision in its entirety in light of the expanded record.

Although Plaintiff also suggests that the ALJ erred in failing to call a medical expert (ME), she has not shown that an ME was required under the circumstances before the ALJ. Dkt. 12 at 9-10. Plaintiff has not shown that the ALJ erred in failing to call an ME at the prior hearing because the ALJ did not find Plaintiff disabled during the adjudicated period and Plaintiff had never been found disabled during any other time period, and thus the ALJ did not need to develop the record regarding disability onset. *See Diedrich v. Berryhill*, 874 F.3d 634, 639 (9th Cir. 2017); *Sam v. Astrue*, 550 F.3d 808, 809 (9th Cir. 2008). If, however, on remand the ALJ finds that Plaintiff became disabled at some point, the ALJ should consider whether ME testimony is needed to determine onset.

///

Step two

As explained above, the ALJ must reconsider the entire decision in light of the expanded record on remand. Thus, because the ALJ will be reconsidering the findings on remand, most of Plaintiff's other assignments of error need not be addressed, with the following exception.

At step two, the ALJ noted that Plaintiff had been diagnosed with depression before her DLI, but he rejected the diagnosis because it was made by a primary care physician, Thuy Lien Thi Hoang, M.D., who "is not an acceptable medical source for purposes of diagnosing mental health conditions." (AR 18.) The ALJ also emphasized that Plaintiff did not have mental health treatment during the adjudicated period. (*Id*.) The ALJ found that Plaintiff's depression was not medically determinable during the adjudicated period. (*Id*.)

The Commissioner does not directly defend the ALJ's reasoning that Dr. Hoang was not an acceptable medical source for purposes of diagnosing a mental health condition. Dkt. 13 at 6. The ALJ's reasoning is erroneous: the Ninth Circuit has long recognized that primary care physicians are acceptable medical sources for purposes of psychiatric treatment and opinions. *See Sprague v. Bowen*, 812 F.2d 1226, 1231-32 (9th Cir. 1987). On remand, the ALJ should reconsider whether Plaintiff's depression is medically determinable.

## **CONCLUSION**

For the reasons set forth above, this matter is REVERSED and REMANDED for further administrative proceedings.

DATED this 2nd day of December, 2019.

Mary Alice Theiler
United States Magistrate Judge